**EDELSBERG LAW, PA**
Scott Edelsberg, Esq.
Cal Bar No. 330990
1925 Century Park E, Ste 1700
Los Angeles, CA 90067-2740
scott@edelsberglaw.com
*Attorneys for Plaintiff and Proposed Class*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY KEARNS, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LOANDEPOT.COM, LLC.,<br><br>　　　　Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, ET SEQ. (TCPA)**<br><br>**JURY TRIAL DEMANDED** |

　　　1.　　Plaintiff Jeffrey Kearns bring this action against Defendant loanDepot.com, LLC, to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## NATURE OF THE ACTION

　　　2.　　This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* (the "TCPA").

　　　3.　　Defendant is a lender that provides consumer financial services nationwide.

　　　4.　　To market it services, Defendant sends robocalls to consumers without their express written consent.

　　　5.　　Through this action, Plaintiff seeks injunctive relief to stop Defendant's unlawful conduct, which has resulted in the invasion of privacy, harassment,

aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of himself and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

6.    This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA").

7.    The Court has general personal jurisdiction over Defendant because Defendant is incorporated and headquartered in California, and venue is proper in this District because Defendant directs, markets, and provides its business activities to this District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District, including Plaintiff.

## PARTIES

8.    Plaintiff is a natural person who, at all times relevant to this action, was a resident of Greene County, Missouri.

9.    Defendant is a Delaware corporation whose principal office is located at 26642 Towne Centre Drive, Foothill Ranch, CA 92610. Defendant directs, markets, and provides its business activities throughout the United States, including throughout the state of California.

10.    Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## THE TCPA

11.    The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system or an artificial or

prerecorded voice; (3) without the recipient's prior express consent.  47 U.S.C. §
227(b)(1)(A).

12.    The TCPA exists to prevent communications like the ones described
within this Complaint.  *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744
(2012).

13.    In an action under the TCPA, a plaintiff must show only that the
defendant "called a number assigned to a cellular telephone service using an
automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*,
857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

14.    The Federal Communications Commission ("FCC") is empowered to
issue rules and regulations implementing the TCPA.   According to the FCC's
findings, calls in violation of the TCPA are prohibited because, as Congress found,
automated or prerecorded telephone calls are a greater nuisance and invasion of
privacy than live solicitation calls, and such calls can be costly and inconvenient.
The FCC also recognized that wireless customers are charged for incoming calls
whether they pay in advance or after the minutes are used.  *Rules and Regulations
Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-
278, Report and Order, 18 FCC Rcd 14014 (2003).

15.    In 2012, the FCC issued an order further restricting automated
telemarketing calls, requiring "prior express written consent" for such calls.  *See In
the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of
1991*, 27 F.C.C.R. 1830, 1838 ¶ 20 (Feb. 15, 2012) (emphasis supplied).

## FACTS

16.    On or about March 22, 2022, Defendant caused a prerecorded voice
message to be transmitted to Plaintiff's cellular telephone.

17.    The prerecorded voice message stated that it was being sent from
Defendant and it was about refinancing Plaintiff's mortgage loan.

18.     Plaintiff is the subscriber and sole user of the number that received Defendant's robocall.

19.     When Plaintiff listened to the voice message, she was easily able to determine that it was a prerecorded message. *Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODE-JSA, 2016 U.S. Dist. LEXIS 186171, at *10-11 (N.D. Ga. June 23, 2016) ("When one receives a call, it is a clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live human being, or is instead being subjected to a prerecorded message.").

20.     Defendant's prerecorded message calls constitute telemarketing/advertising because they promote Defendant's business, goods and services.

21.     Plaintiff did not provide Defendant with his express written consent to be contacted utilizing a prerecorded message.

22.     Given Defendant's use of prerecorded voice messages to solicit consumers, Plaintiff is informed and believe that Defendant caused similar prerecorded messages to be sent to at least 50 other individuals.

23.     Defendant's unsolicited prerecorded messages caused Plaintiff harm, including invasion of privacy, aggravation, and annoyance.  Defendant's calls also inconvenienced Plaintiff and caused disruption to his daily life.

## CLASS ALLEGATIONS

### PROPOSED CLASS

24.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

25.     Plaintiff brings this case on behalf of the Class defined as follows:

> All persons in the United States who, within four years prior to the filing of this action through the date of class certification, were sent a prerecorded voice call regarding Defendant's property, goods, and/or services.

26.     Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

27.     Defendant and its employees or agents are excluded from the Class.

**NUMEROSITY**

28.     Upon information and belief, Defendant has placed prerecorded calls to cellular telephone numbers belonging to at least 50 persons throughout the United States without their prior express written consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

29.     The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

30.     There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the members of the Class are:

a.  Whether Defendant made non-emergency calls to Plaintiff's and Class members' telephones using a prerecorded message;

b.  Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls;

c.  Whether Defendant's conduct was knowing and willful;

d.  Whether Defendant is liable for damages, and the amount of such damages; and

e.  Whether Defendant should be enjoined from such conduct in the future.

31.    The common questions in this case are capable of having common answers and Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

32.    Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

33.    Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and have retained competent counsel. Accordingly, Plaintiff is an adequate representatives and will fairly and adequately protect the interests of the Class.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

34.    A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

35.    The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not.  Additionally, individual

actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

### COUNT I
### Violations of the TCPA, 47 U.S.C. § 227(b) and § 64.1200(a)
### (On Behalf of Plaintiff and the Class)

36.     Plaintiff re-alleges and incorporates the foregoing allegations set forth in paragraphs 1 through 36 as if fully set forth herein.

37.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any …artificial or prerecorded voice to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

38.     It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an… artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call."   47 C.F.R. § 64.1200(a)(1)(iii).

39.     Additionally, it is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, …artificial or prerecorded voice …other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made…"  47 C.F.R. § 64.1200(a)(2).

40.     Defendant used prerecorded messages to make non-emergency telephone calls to the telephones of Plaintiff and other members of the Class.

---

41.     Defendant did not have prior express written consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made.

42.     Defendant has, therefore, violated §§ 227(b)(1)(A)(iii), 64.1200(a)(1)(iii), and 64.1200(a)(2) by using prerecorded messages to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the putative Class without their consent.

43.     Defendant knew that it did not have consent to make these calls, and knew or should have known that it was using prerecorded messages. The violations were therefore willful or knowing.

44.     As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id*.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, pray for the following relief:

    a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representatives of the Class and Plaintiff's counsel as Class Counsel;

    b) An award of actual and statutory damages for Plaintiff and each member of the Class;

    c) As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq*., Plaintiff seeks for himself and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 277(b)(3)(B);

d) As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq*., Plaintiff seeks for themselves and each member of the Class treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 277(b)(3)(B) and § 277(b)(3)(C);

e) An order declaring that Defendant's actions, as set out above, violate the TCPA;

f) An injunction requiring Defendant to cease all unsolicited call activity, and to otherwise protect the interests of the Class;

g) An injunction prohibiting Defendant from using, or contracting the use of, prerecorded messages without obtaining, recipient's consent to receive calls made with such equipment;

h) An award of reasonable attorneys' fees and costs pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5; and

i) Such further and other relief as the Court deems necessary.

## **JURY DEMAND**

Plaintiff hereby demand a trial by jury.

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the calls as alleged herein.

Dated: June 27, 2022

Respectfully submitted,

**EDELSBERG LAW, PA**

/s/ *Scott A. Edelsberg*
Scott Edelsberg, Esq.
Cal Bar No. 330990
1925 Century Park E, Ste 1700
Los Angeles, CA 90067-2740
scott@edelsberglaw.com
*Attorneys for Plaintiff and Proposed Class*